**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ANDREW JAMES
JANELL JAMES**                                                                                                       **PLAINTIFFS**

**VS.**                                                          **CIVIL ACTION NO.: 4:18-CV-5-MPM-JMV**

**CITY OF GREENVILLE, ET AL.**                                                        **DEFENDANTS**

## REPORT

This matter is before the court for a report following a properly noticed final pretrial conference where no one appeared or made any submissions on behalf of the plaintiffs.

*Relevant History*

The complaint in this case was filed on January 9, 2018 by then-local counsel, Herbert Lee, now deceased. Service was not made within the requisite ninety-day period, nor was an extension sought. Accordingly, the undersigned entered a show cause order on April 19, 2018. Doc. #3. In response, counsel for the plaintiffs asserted that he had been on leave from January 10, 2018 until April 24, 2018 for a personal illness. He requested that he be given until May 9, 2018 to accomplish service on defendants. The request was granted.

On February 21, 2019, plaintiffs' counsel requested that the trial and all deadlines in this matter be continued due to further serious personal illness. Doc. #43. In light of counsel's illness, the motion was granted, and the trial date and deadlines were continued and ultimately reset. Doc. #45.

On February 26, 2019, upon the motion of Mr. Lee, Alabama attorney Roderick Graham was admitted as counsel *pro hac vice* on behalf of the plaintiffs.

On April 4, 2019, Mr. Graham filed a motion styled "Motion to Designate Expert Witnesses" which purported to, itself, designate two retained expert witnesses in the field of

1

accident reconstruction. Doc. #50. However, the date for designating experts had expired and the purported designation did not include the requisite report signed by the experts or even a summary of their proposed testimony. No good cause was offered or shown for these failures, and on April 17, 2019, the motion was denied by text order. Mr. Graham was expressly cautioned therein to know the rules applicable to cases in which he is appearing.

On May 30, 2019, Mr. Graham filed a second motion for extension of deadlines, including the plaintiffs' expert designation deadline, this time offering grounds for doing so—namely, the continued serious health problems of his co-counsel, Mr. Lee. Doc. #53. The court granted the motion and extended the deadlines. The case continued thereafter with Mr. Graham signing routine discovery notices and written discovery. On October 28, 2019, the court having learned that Mr. Graham's local counsel, Mr. Lee, had died in August, 2019, required Mr. Graham to associate local counsel or have his *pro hac* status revoked for practicing without local counsel. Doc. #80. Though Mr. Lee was, by then, deceased, Mr. Graham continued to file certificates of service bearing his signature. *See* Doc. #76-77. Mr. Graham was directed to refrain from filing documents under the deceased attorney's purported signature.

On November 1, 2019, Mississippi attorney, Trent Walker, entered an appearance for plaintiffs. Doc. #81. Save a motion for extension filed December 3, 2019 and a deficient amended motion to appear *pro hac vice*, filed January 6, 2020 by Mr. Walker, Mr. Walker has made no filings, and has attended no other proceedings with regard to this case. Doc. #91, 99.

As noted above, on January 6, 2020, Mr. Graham, by and through Mr. Walker, filed an amended motion to appear *pro hac vice* [99], which was denied on January 7, 2020 due to, among other things, Mr. Graham's representation that he had neither read, nor was he familiar with, the

Northern District of Mississippi's Local Uniform Civil Rules and the Mississippi Rules of Professional Conduct.

On February 18, 2020, the court held a final pretrial conference, which required the attendance of counsel and the parties. Doc. #103. However, neither Mr. Walker nor his clients appeared or sought permission to be excused. Further, Mr. Walker did not submit any text for the plaintiffs' portion of the final pretrial order. The court attempted to reach Mr. Walker but got no answer. Mr. Graham, who as of that date had been denied *pro hac* status, was also contacted[1] though he had no information regarding Mr. Walker nor the plaintiffs.

On February 21, 2020, defendants filed a motion to dismiss for failure to prosecute. Doc. #104. Mr. Graham, still not properly admitted, nevertheless filed a response to the motion purportedly signed by Herbert Lee, who, as noted above, has long since been deceased [107].

**Submitted,** this the 3rd day of March, 2020.

                                                    /s/ Jane M. Virden
                                                  **U.S. MAGISTRATE JUDGE**

---

[1] Mr. Graham is not, presently, proper counsel of record. Nevertheless, he did advise on that call he too has a recent health issue as a result of a serious car accident *See* Doc. #107.